JOHN MILNER v. THE STATE.

No. 16502.   Delivered March 14, 1934.
Reported in 69 S. W. (2d) 408.

The opinion states the case.

*R. L. Graves,* of Brownfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

According to the state's witness, Morgan Shumake, he and his companion, Lee Stockton, had a conversation with the appellant in which he was asked if he could procure a quart of whisky for them, to which he replied in the affirmative. Shumake and Stockton were riding in an automobile. They permitted the appellant to enter the car and the three drove to the appellant's house. They received from him two pints of whisky for which Stockton paid appellant the sum of $1.50. While Stockton and Shumate were driving down the street, they observed the sheriff and broke the bottles. The witness testified that while they drank none of the whisky, they knew from its odor and appearance and from the circumstances that it was whisky.

Lee Stockton testified that after learning from the appellant that he had whisky, he and Shumake went to his house and entered the back room; that appellant left the room and came back with two pints of whisky. The witness and Shumake each took a pint of whisky, for which the witness paid appellant $1.50. Stockton did not drink any of the whisky but identified it as whisky from its odor, appearance and the circumstances under which it was purchased. Stockton's testimony about breaking the bottles when they saw the sheriff is similar to that of Shumake.

The sheriff testified that he saw the witnesses Shumake and Stockton while they were conversing with the appellant; that he saw the three of them go off together. He later saw Shumake and Stockton driving the car. He followed them and observed that they were breaking some bottles. He reached them in time to see the liquid which was in the car.

The sheriff corroborated Shumake and Stockton to the extent

of seeing them talk to the appellant upon the street and seeing him get in the car with them.

Appellant offered testimony from the witness, Leo Travis, tending circumstantially to show that Stockton and Shumake did not go to his (appellant's) house. Mrs. Travis gave testimony similar to that of her husband, which tended circumstantially to controvert the presence of the state's witnesses at the home of the appellant.

The appellant testified in his own behalf to the effect that he had been a resident of Brownfield for over two years; that he was at home on the 21st of April, 1933, and arrested at 8:30 o'clock that night; that two young men came to his house that night, whom he later learned were Stockton and Shumake. From the testimony we quote: "I know Morgan Shumake now just from him being pointed out to me. I do not know the other boy at all. I never saw them before today. On the night of April 21st I did not sell Lee Stockton two pints of whisky. There were two boys at my house that evening. I do not know who they were, but they were two-thirds drunk."

Appellant said that Stockton and Shumake were not at his house on April 21st. He contradicted their testimony as to having had any transaction with them on the occasion mentioned. Appellant testified that he had never been indicted for any offense.

There are no bills of exception and no legal question raised save the sufficiency of the evidence.

There are exceptions to the indictment upon the ground that the appellant's name was not correctly spelled. However, the correction was made in the indictment.

The conflicting testimony touching the sale of the whisky presented a matter for the determination of the jury, and their decision upon the record before us is binding upon this court.

The judgment is affirmed.

*Affirmed.*